FILED
2021 Apr-02  PM 01:24
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **JOSHUA HOUSLEY and TRANSPORTATION INSURANCE COMPANY as subrogee of Dixie Pulp & Paper,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Civil Action No.** |
| **v.** | ) ) ) | **7:20-CV-00010-LSC** |
| **LIFTONE, LLC.,** | ) ) | |
| **Defendant.** | ) ) | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT LIFTONE, LLC'S MOTION TO STRIKE

Defendant LiftOne, LLC's motion to strike Plaintiffs' Motion to Exclude Opinion Testimony and Report of James McCann [Doc. 26] should be denied for several reasons.  First, Defendant failed to consult with Plaintiffs before filing the motion, as required by this court's Initial Order [Doc. 7].  Second, Plaintiffs motion to exclude the testimony of James McCann is not a dispositive motion.  Finally, Plaintiffs' motion to exclude is not a "pleading" subject to attack by a motion to strike.

## I.  DEFENDANT FAILED TO CONFER AS REQUIRED BY THE INITIAL ORDER

This court's Initial Order [Doc. 7] states that "[p]rior to filing any motion (other than a dispositive motion or a motion to remand) in this case, moving counsel

**shall** contact the opposing counsel and determine if counsel will oppose the motion." Initial Order [Doc. 7] at *Id.* IV.B. (emphasis added)  Movant's counsel made no effort to contact Plaintiffs' counsel prior to filing the motion to strike.  Accordingly, the motion should be denied for failure to comply with this court's instructions.

## II.  PLAINTIFFS' MOTION TO EXCLUDE IS NOT A DISPOSITIVE MOTION

In its strangely worded hypothetical motion, Defendant asked the court to strike Plaintiffs' motion to exclude "if" it considers it to be a dispositive motion. Defendant makes no effort to support its motion with any citations to authority establishing that a motion to exclude testimony is a "dispositive motion."  While, theoretically, in some cases, a motion to exclude testimony might possibly be dispositive, it is clearly not in this case.

The witness Plaintiffs seek to exclude is Defendant's fire expert, who has presented testimony contradicting Plaintiffs' experts.  Even if Plaintiffs' motion is successful, and Defendant's expert is precluded from testifying, it will not be dispositive of any issue in this case.  Plaintiffs do not win simply because defendant's expert has been excluded from testifying.  Plaintiffs still have the burden of proving their case, regardless of whether or not Defendant's expert testifies.  Exclusion of Defendant's expert will not dispose of a single issue in the case.

2

Plaintiffs' motion to exclude is an evidentiary motion, not a dispositive motion. Accordingly, it was not subject to the dispositive motions deadline set in the court's scheduling order, and is not untimely.

### III.   A MOTION TO EXCLUDE TESTIMONY IS NOT SUBJECT TO A MOTION TO STRIKE

A motion to strike is governed by Federal Rule of Civil Procedure 12(f), which provides that "[t]he court may strike from **a pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" (emphasis added). By the express terms of this rule, "only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly." 2 *Moore's Federal Practice*, §12.37[2]. Federal Rule of Civil Procedure 7(a) specifically defines pleadings to include only complaints, counterclaims, cross-claims, third-party complaints, answers, and replies. Rule 7(b) discusses motions as a completely separate category from pleadings.

Because Rule 12(f) applies only to pleadings, but not motions, Defendant's motion to strike should be denied. *See Jeter v. Montgomery Cty.*, 480 F.Supp. 2d 1293, 1296 (M.D. Ala. 2007) ("[m]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.") (quoting 2 Moore's *Federal Practice* §12.37[2]).

In light of the foregoing, the court should deny Defendant Liftone, LLC's Motion to Strike.

LEGAL\51663327\1

Respectfully submitted this 2nd day of April, 2021.

s/ *David M. Bessho*                              s/ *Justin L. Smith*

David M. Bessho (*pro hac vice*)              Justin L. Smith
Cozen O'Connor                                (ASB-4461-U82S)
1230 Peachtree Street, NE, Suite 400          Cross & Smith, LLC
Atlanta, Georgia 30390                        907 17th Avenue
Telephone:  (404) 572-2046                    Tuscaloosa, AL 35401
Facsimile:   (877) 526-3074                   Telephone:  (205) 391-9932
dbessho@cozen.com                             justin@crossandsmith.com
*Attorney for Transportation Ins. Co.*        *Attorney for Joshua Housley*


John W. Scott (ASB-1788-T68J)
Scott, Dukes & Geisler, P.C.
211 Twenty-Second Street North
Birmingham, Alabama  35203
Telephone:  (205) 244-2501
Facsimile:   (205) 251-6773
*Local Counsel-Transportation Ins. Co.*

4

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| **JOSHUA HOUSLEY and** | ) | |
| **TRANSPORTATION INSURANCE** | ) | |
| **COMPANY as subrogee of Dixie** | ) | |
| **Pulp & Paper,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No.** |
| | ) | |
| **v.** | ) | **7:20-CV-00010-LSC** |
| | ) | |
| **LIFTONE, LLC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

> C. Jeffrey Ash
> Porterfield, Harper, Mills,
>   Motlow & Ireland, P.A.
> 22 Iverness Center Parkway
> Suite 600
> Birmingham, AL  35242
> cja@phm-law.com
> *Attorney for Defendant*

> s/ *David M. Bessho*
> David M. Bessho (*pro hac vice*)